[Civ. No. 9866. First Appellate District, Division Two.—June 17, 1936.]

AUGUST GASPAR, Respondent, v. JOHN PERADA et al., Appellants.

Paul C. Dana and Francis Berton Perry for Appellants.

Jordan L. Martinelli and George H. Harlan for Respondent.

SPENCE, J.—This in an appeal by defendants from a judgment in favor of plaintiff in an action brought to recover damages for injuries sustained by plaintiff when struck by an automobile driven by defendant John Perada. The cause was tried by the court sitting without a jury.

The accident occurred at about 4:45 A. M. on the morning of June 16, 1930. Plaintiff was a street sweeper and, at the time of the accident, he was sweeping near the gutter on the north side of Fourth Street between B and C Streets in San Rafael. He was approximately in the middle of the block. Defendant Perada was driving his automobile in a westerly direction along Fourth Street. It was after sunrise and said defendant saw plaintiff as defendant reached B Street. Plaintiff was engaged in sweeping and had his back turned toward said defendant. In proceeding along Fourth Street, said defendant struck plaintiff, throwing him onto the sidewalk. Defendant continued on to C Street where he turned around and returned to the scene of the accident.

Appellants contend that the evidence was insufficient to show negligence on the part of the driver of the automobile; that the trial court "erred in finding that plaintiff was not guilty of contributory negligence"; and that the trial

court "erred in determining that the doctrine of imminent peril did not apply". We find no merit in any of these contentions. There was a conflict in the evidence. Appellant Perada introduced evidence tending to show that he was put in a position of imminent peril by the movement of a Ford automobile and a truck approaching from the opposite direction in the block where the accident occurred and that he was not guilty of negligence in striking respondent. But there was other evidence tending to show that there were no other vehicles traveling in that block at the time and that the striking of respondent was due solely to the negligence of appellant Perada. The trial court resolved the conflict in favor of respondent and there was ample evidence to sustain its findings.

Appellant further contends that "the reasons given by the court in support of its decision were erroneous". We do not find anything erroneous in the reasoning of the trial court, but even assuming that the reasons given were erroneous, they constituted no part of the judgment and are not reviewable upon an appeal from the judgment which is amply supported by the evidence. (2 Cal. Jur. 808, sec. 476.)

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.